Miguel Montes, Jr., Esq. CSB#215022
11350 East Valley Blvd. Suite 100
El Monte, CA 91731
Tele: (626) 443-3001
Fax: (626) 443-3085


Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC. ) | CASE NO. CV08-07917 WDK |
| As Broadcast Licensee of the July 26, 2008 ) | FMOx |
| Cotto/Margarito Program, ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| BLANCA AIDA LINARES and PERDO ) | |
| CERVANTES LINARES, Individually and ) | |
| d/b/a LA COCINA RESTAURANT a/k/a ) | |
| RESTAURANTE a/k/a LA CONCINA, and ) | |
| LA CONCINA RESTAURANT a/k/a LA ) | |
| COCINA RESTAURANTE a/k/a LA ) | |
| COCINA, ) | |
| ) | |
|     Defendants. ) | |
| ) | |
| _____) | |

ANSWER

COMES NOW, BLANCA AIDA LINARES and PEDRO CERVANTES, Individually and d/b/a LA

COCINA RESTAURANT and variously captioned fictitious names (hereinafter collectively referred to

as the "Defendants") by and through their attorneys, answering the above-captioned complaint of J & J

SPORTS PRODUCTIONS, INC., (hereinafter referred to as the "Complaint") on information and belief, as follows:

JURISDICTION AND VENUE

1.      Defendants are unable to admit or deny the factual allegations contained in paragraph 1 of the Complaint and they are therefore denied.

2.      Defendants are unable to admit or deny the factual allegations contained in paragraph 2 of the Complaint and they are therefore denied.

3.      Defendants are unable to admit or deny the factual allegations contained in paragraph 3 of the Complaint and they are therefore denied.

4.      Defendants are unable to admit or deny the factual allegations contained in paragraph 4 of the Complaint and they are therefore denied.

THE PARTIES

5.      Defendants deny the factual allegations contained in paragraph 5 of the Complaint.

6.      Defendants admit the factual allegations contained in paragraph 6 of the Complaint.

7.      Defendants admit the factual allegations contained in paragraph 7 of the Complaint.

8.      Defendants admit the factual allegations contained in paragraph 8 of the Complaint.

9.      Defendants admit the factual allegations contained in paragraph 9 of the Complaint.

10.      Defendants admit the factual allegations contained in paragraph 10 of the Complaint.

11.      Defendants deny the factual allegations contained in paragraph 11 of the Complaint.

12.      Defendants deny the factual allegations contained in paragraph 12 of the Complaint.

13.      Defendants deny the factual allegations contained in paragraph 13 of the Complaint.

14.      Defendants admit the factual allegations contained in paragraph 14 of the Complaint.

COUNT I

15.     Defendants hereby incorporate by reference all of their answers contained in paragraphs "1" through "14", inclusive, as though set forth at length herein.

16.     Defendants are unable to admit or deny the factual allegations contained in paragraph 16 of the Complaint and they are therefore denied.

17.     Defendants are unable to admit or deny the factual allegations contained in paragraph 17 of the Complaint and they are therefore denied.

18.     Defendants are unable to admit or deny the factual allegations contained in paragraph 18 of the Complaint and they are therefore denied.

19.     Defendants deny the factual allegations contained in paragraph 19 of the Complaint.

20.     Defendants deny the factual allegations contained in paragraph 20 of the Complaint.

21.     Defendants are unable to admit or deny the factual allegations contained in paragraph 21 of the Complaint and they are therefore denied.

22.     Defendants deny the factual allegations contained in paragraph 22 of the Complaint.

23.     Defendants are unable to admit or deny the factual allegations contained in paragraph 23 of the Complaint and they are therefore denied.

24.     Defendants deny the factual allegations contained in paragraph 24 of the Complaint.

25.     Defendants are unable to admit or deny the factual allegations contained in paragraph 25 of the Complaint and they are therefore denied.

<u>COUNT II</u>

26.     Defendants hereby incorporate by reference all of their answers contained in paragraphs "1" through "25", inclusive, as though set forth at length herein.

27.     Defendants deny the factual allegations contained in paragraph 27 of the Complaint.

28.     Defendants are unable to admit or deny the factual allegations contained in paragraph 28 of the Complaint and they are therefore denied.

29.     Defendants deny the factual allegations contained in paragraph 29 of the Complaint.

30.     Defendants deny the factual allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny the factual allegations contained in paragraph 31 of the Complaint.

**SEPARATE AFFIRMATIVE DEFENSES**

Defendants presently lack sufficient knowledge or information on which to assert a belief as to whether they may have additional as of yet unstated defenses to this action as the result of the need to discover the basis of Plaintiff allegations.  Defendants reserve the right to assert additional defenses as they are discovered in the course of this action.

FIRST AFFIRMATIVE DEFENSE

32.     The complaint fails to state facts sufficient to support a cause of action against Defendants upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

33.     As a Second Affirmative Defense, Defendants state that Plaintiff's Complaint fails to implead or include a necessary and/or indispensable party in that Direct TV, Inc. is, may or was actually either partially or fully responsible for whatever damages are claimed by Plaintiff as a result of its Complaint, having been responsible for the installation and underwriting of the communication or transmission or interception that is the subject Plaintiff's Complaint.

THIRD AFFIRMATIVE DEFENSE

34.     As a Third Affirmative Defense Defendants state that they reasonably relied on Direct TV's representations that the Direct TV hookup in the Restaurant was billed as part of the  Direct TV hookup in their residence.

///

///

## FOURTH AFFIRMATIVE DEFENSE

35.     As a Fourth Affirmative Defense Defendants state that Plaintiff's complaint is barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

36.     As a Fifth Affirmative Defense, Defendants state that Plaintiff's complaint is barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

37.     As a Sixth Affirmative Defense, Defendants state that Plaintiff's complaint is barred by the doctrine of laches.

## SEVEN AFFIRMATIVE DEFENSE

38.     As a Seventh Affirmative Defense, Defendants state that Plaintiff knew about Direct TV's course of conduct in providing the electronic connections complained of and failed to adequately protect its proprietary interests.

## EIGHTH AFFIRMATIVE DEFENSE

39.     As an Eighth Affirmative Defense, Defendants state that the acts complained of by Plaintiff are not as a result of intentional acts of the Defendants, rather the intentional acts of third parties.

## AFFIRMATIVE RELIEF/COUNTER CLAIM

40.     Defendants re-plead the allegations in paragraphs 1 through 39 of this Answer and incorporate the same herein by way of reference.

41.     Defendants, by virtue of the Complaint filed against them, were compelled t retain the services of counsel and incur costs in the defense of this suit thus far.  Defendants have incurred, continue to, and will incur in the future, further fees and costs in the defense of this suit.  The defense of this suit necessarily arises out of the same transaction or occurrence that is the subject matter of the Plaintiff's claims and does not require the presence of third parties on whom the court cannot acquire jurisdiction.

WHEREFORE,  Defendants pray for judgment as follows:

1.     That Plaintiff takes NOTHING by its Complaint;

2.     That the instant Complaint be dismissed for failure to state a cause of action as against these Defendants;

3.     For attorneys' fees as may be proved;

4.     For costs of suit as may be proved;

5.     For all other relief as the Court may deem appropriate.

Dated: March 17, 2009                          Respectfully submitted,


                                               By: _____
                                                    Miguel Montes, Jr., Esq.
                                                    Attorney for Defendant

1
2
3
4
5
6

**PROOF OF SERVICE**

7

***STATE OF CALIFORNIA, COUNTY OF LOS ANGELES***

8          I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years
and not a party to the within action.  My business address is 11350 East Valley Blvd., Suite 100, El
9   Monte, CA 91731.

10         On March 17, 2009,  I served the foregoing document described as ANSWER on the interested
11  parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

12                              *see attached service list*

13  BY MAIL, AS FOLLOWS:

14
__    I deposited such envelope in the mail at Beverly Hills, California.  The envelope was mailed
15  with postage thereon fully prepaid.

16
__    I placed the envelope for collection and mailing following ordinary practice.  I am "readily
17  familiar" with the firm's practice of collection and processing or correspondence for mailing with the
United States Postal Service.  Under that practice it would be deposited with U.S. Postal service on that
18  same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of
business.  I am aware that on motion of the party served, service is presumed invalid if postal
19  cancellation date or postage meter date is more than one day after the date of deposit for mailing in this
20  affidavit.

21         __    BY   PERSONAL SERVICE
22  I delivered such envelope by hand to the addressee.

23         __    BY FACSIMILE
24   I caused such documents to be transmitted from facsimile number (626) 443-3085 to the facsimile
machine of interested parties prior to 5:00 pm on the date specified above.  The facsimile machine I
25  used was in compliance with Rule 2003 (3) and the transmission was reported as complete and without
26  error. Pursuant to Rule 2008(e), I caused a copy of the transmission report to be properly issued by the
transmitting machine, and a copy of the transmission is attached hereto.

27
         Executed on March 17, 2009, at Los Angeles, California.
28

__     (STATE)      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__     (FEDERAL)   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____

Mike Montes, Jr.

SERVICE LIST

Yasha Bronshteyn, Esq.
GINZBURG & BRONSHTEYN, LLP
11111 Santa Monica Blvd., Suite 1840
Los Angeles, CA 90025
Tele: (310) 914-3222
Fax: (310) 914-4242

Julie Cojen Lonstein, Esq.
Lornstein Law Office, P.C.
1 Terrace Hill, P.O. Box 351
Ellenville, NY 12428
Tele: (845) 647-8500
Fax: (845) 647-6277

ANSWER